UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| PATRICK M. MURPHY, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:22-cv-00116-NT |
| | ) | |
| BOLDUC CORRECTIONAL FACILITY,  et al., | ) ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER REVIEW OF COMPLAINT**

Plaintiff, who is evidently serving a state custodial sentence, filed a complaint against the state correctional facility in which he is detained and two nurses who provide medical services at the facility. (Complaint, ECF No. 1.)  With the filing of his complaint, Plaintiff filed a copy of his jail trust account statement, which the Court construed as a motion to proceed without the prepayment of fees and costs. (Statement, ECF No. 2.)  The Court granted the motion. (Order, ECF No. 3.)  Subsequently, the filing fee was paid in full.

In accordance with the governing statute, a preliminary review of Plaintiff's complaint is appropriate.[1] 28 U.S.C. § 1915(e)(2).  In addition, Plaintiff's claim against the facility is subject to screening "before docketing, if feasible or … as soon as practicable

---

[1] A prisoner proceeding under 28 U.S.C. § 1915, is ultimately required to pay the entire amount of the filing fee.  28 U.S.C. § 1915(b).  Accordingly, because the Court granted Plaintiff leave to proceed under § 1915, a review of Plaintiff's complaint under § 1915 is appropriate even though Plaintiff subsequently paid the filing fee.

after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). After a review of Plaintiff's complaint, I recommend the Court dismiss the matter.

## FACTUAL ALLEGATIONS

Plaintiff alleges that Defendants improperly cared for several medical conditions he experienced while in custody. Plaintiff's allegations include: the nurses' administration of an ointment on his shoulder that caused his skin to burn and bleed; providing ineffective pain medication for an issue with his back; the failure to treat a bone spur in his shoulder; and the failure to perform a colostomy. (Complaint at 3.)

## DISCUSSION

Plaintiff commenced this action against the Bolduc Correctional Facility, which is within the Maine State Department of Corrections, a state agency. Plaintiff, therefore, has sued the State of Maine. The State of Maine is immune from suit in this Court under the doctrine of sovereign immunity exemplified by the Eleventh Amendment of the United States Constitution. With limited exceptions not relevant here, the State of Maine has immunity in federal court against suits brought by citizens, regardless of the form of relief requested. *Poirier v. Mass. Dep't of Corr.*, 558 F.3d 92, 97 n. 6 (1st Cir. 2009) ("A plaintiff may seek prospective injunctive relief against a state official, but may not obtain such relief against a state or its agency because of the sovereign immunity bar of the Eleventh Amendment."). Plaintiff, therefore, cannot prevail on a claim against the Bolduc Correctional Facility.

Plaintiff also joined two nurses as defendants challenging the quality of the medical care the nurses provided to Plaintiff. Plaintiff's possible federal claim is assessed under the Eighth Amendment to the United States Constitution.

The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. "From this brief amendment, courts have derived the principles that govern the permissible conditions under which prisoners are held and that establish the medical treatment those prisoners must be afforded." *Kosilek v. Spencer*, 774 F.3d 63, 82 (1st Cir. 2014) (citing *Farmer v. Brennan,* 511 U.S. 825, 832 (1994)). "Undue suffering, unrelated to any legitimate penological purpose, is considered a form of punishment proscribed by the Eighth Amendment." *Id.* (citing *Estelle v. Gamble,* 429 U.S. 97, 103 (1976)).[2]

To succeed on an Eighth Amendment claim based on inadequate or delayed medical care, a plaintiff must satisfy both an objective and a subjective standard. *Leavitt v. Corr. Med. Servs.*, 645 F.3d 484, 497 (1st Cir. 2011). The objective standard evaluates the

---

[2] As stated in *Estelle*:

> An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met. In the worst cases, such a failure may actually produce physical torture or a lingering death, the evils of most immediate concern to the drafters of the [Eighth] Amendment. In less serious cases, denial of medical care may result in pain and suffering which no one suggests would serve any penological purpose. The infliction of such unnecessary suffering is inconsistent with contemporary standards of decency as manifested in modern legislation codifying the common-law view that it is but just that the public be required to care for the prisoner, who cannot by reason of the deprivation of his liberty, care for himself.

429 U.S. at 103 – 104 (internal quotation marks and citation omitted).

seriousness of the risk of harm to health. There must be "a sufficiently substantial 'risk of serious damage to [the inmate's] future health.'" *Farmer v. Brennan*, 511 U.S. 825, 843 (1994) (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). A medical need is "serious" if it has been diagnosed by a physician as mandating treatment, or is so obvious that even a lay person would recognize a need for medical intervention. *Leavitt*, 645 F.3d at 497; *Gaudreault v. Mun. of Salem*, 923 F.2d 203, 208 (1st Cir. 1990), *cert. denied*, 500 U.S. 956 (1991)). The subjective standard concerns the culpability of the defendant. A plaintiff must present evidence that the defendant possessed a culpable state of mind amounting to "deliberate indifference to an inmate's health or safety." *Farmer*, 511 U.S. at 834 (internal quotation marks omitted). Deliberate indifference is akin to criminal recklessness, "requiring actual knowledge of impending harm, easily preventable." *Feeney v. Corr. Med. Servs., Inc.*, 464 F.3d at 162 (quoting *Watson v. Caton*, 984 F.2d 537, 540 (1st Cir. 1993)). The focus of the deliberate indifference analysis "is on what the jailers knew and what they did in response." *Burrell v. Hampshire Cnty.*, 307 F.3d 1, 8 (1st Cir. 2002).

Deliberate indifference must be distinguished from negligence. As the First Circuit explained:

> A finding of deliberate indifference requires more than a showing of negligence. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding that "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner"); *Sires v. Berman*, 834 F.2d 9, 13 (1st Cir. 1987). A plaintiff claiming an eighth amendment violation with respect to an inmate's serious mental health or safety needs must allege "acts or omissions sufficiently harmful to evidence deliberate indifference." *Estelle*, 429 U.S. at 106; *see also Cortes-Quinone v. Jimenez-Nettleship*, 842 F.2d 556, 558 (1st Cir.), *cert. denied*, 488 U.S. 823 (1988). Although this court has hesitated to find deliberate indifference to a serious need "[w]here the dispute concerns not the absence of help, but the choice of a certain course

> of treatment," *Sires*, 834 F.2d at 13, deliberate indifference may be found where the attention received is "so clearly inadequate as to amount to a refusal to provide essential care."

*Torraco v. Maloney*, 923 F.2d 231, 234 (1st Cir. 1991).

Here, the Court does not have to determine whether Plaintiff has alleged facts that would support a finding that Plaintiff experienced a medical condition that presented a risk of serious harm because Plaintiff has not alleged enough facts to satisfy the subjective prong of the deliberate indifference standard. That is, Plaintiff has presented no facts to establish that the nurses possessed the requisite mental state necessary to prove deliberate indifference. Plaintiff acknowledges that he received medical care for different conditions, including pain medication and capsaicin cream, and the allegations are insufficient to support a finding that the nurses' treatment decisions were malicious or clearly inadequate at the time the decisions were made. Although Plaintiff is unhappy about the results of certain treatment and disagrees with some of the treatment decisions, Plaintiff has failed to allege any facts from which one could reasonably infer that the nurses foresaw impending harm and consciously disregarded the risk. Plaintiff, therefore, has not asserted an actionable deliberate indifference claim. Plaintiff thus has not alleged a federal claim.[3]

## CONCLUSION

Based on the foregoing analysis, I recommend the Court dismiss Plaintiff's complaint.

---

[3] I make no determination whether Plaintiff has alleged enough facts to support a state law negligence claim.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

<u>/s/ John C. Nivison</u>
U.S. Magistrate Judge

Dated this 9th day of June, 2022.